# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Monticello Road, LLC, <br> Monticello Road C Store, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> Auto-Owners Insurance, <br> AmGuard Insurance Company, <br><br> Defendants. | Civil Action Number: 3:17-0730-MBS <br><br> **ORDER AND OPINION** |

This matter is before the court on Defendant Auto-Owners Insurance's ("Auto-Owners") motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 45. Additionally, this matter is before the court on Defendant AmGuard Insurance Company's ("AmGuard") (collectively "Defendants") motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56. ECF No. 43. For the reasons stated below, this court grants Defendants' respective motions.

## I.  PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiffs Monticello Road, LLC and Monticello Road C Store, LLC (collectively, "Plaintiffs") brought this action against Defendants in the Court of Common Pleas for Richland County, South Carolina, alleging that "Defendants have refused to pay the balance of [Plaintiffs' insurance] claim." ECF No. 1-1 at ¶ 8. Plaintiffs claim Defendants' failure to pay was in bad faith. *Id.* at ¶ 9. Plaintiffs seek actual and punitive damages. *Id.* Auto-Owners timely removed this action citing federal question jurisdiction, pursuant to 28 U.S.C. § 1331 or 42 U.S.C. § 4072. ECF No. 1 at 2. Plaintiffs moved the court for remand, which was denied. ECF No. 28.

On December 1, 2017, AmGuard filed its Motion for Summary Judgment. ECF No. 43. On that same day, Auto-Owners filed its Rule 12(c) motion, seeking dismissal of Plaintiffs' bad-faith claim and punitive damages request. ECF No. 45. Plaintiffs failed to respond to AmGuard's and Auto-Owners' respective motions. On February 2, 2018, this court issued an Order to Show Cause as to why summary judgment in favor of AmGuard should not be granted, and why Plaintiffs' extra-contractual claims against Auto-Owners should not be dismissed for failure to prosecute. ECF No 67. In Plaintiffs' response to the court, Plaintiffs explained that they did not respond to AmGuard's or Auto-Owners' motions because Plaintiffs "did not oppose these motions on the record," and that "Plaintiffs responded to the opposed motions and simply did not file responses on the ones they did not oppose[.]" ECF No. 70.

Plaintiffs operate a gas station and convenience store in Columbia, South Carolina. Plaintiffs allege that in or about 2016[1] there was a severe storm in Columbia, South Carolina that caused damage to various gas pumps, gas equipment, inventory, and a canopy. ECF No. 1-1 at ¶ 4-5. According to Plaintiffs, water seeped into the underground storage tanks and damaged fuel inventories. *Id.* at ¶ 5. Plaintiffs assert that they are "covered for the losses in question but [sic] virtue of the storm, the flood, the water, the wind and the overall havoc caused by the store [sic]." *Id.* at ¶ 7.[2]

---

[1] Plaintiffs later clarify in their Response to AmGuard Insurance Company's First Set of Interrogatories, ECF No. 43-3, that "[o]n or about October 4, 2015, the Columbia area was struck by catastrophic flooding from local rivers and streams. . . ." ECF No. 43-3 at ¶ 9.

[2] Plaintiffs do not clearly state their causes of action in their Complaint. However, in Plaintiffs' Responses to Local Rule 26.03 Disclosures, Plaintiffs state they "possess[] a cause of action against both Defendants' [sic] for breach of the insurance contract . . . and a potential bad faith claim against Defendants for failure to pay covered and insured property under the policies." ECF No. 27 at ¶ 4.

## II.   DISCUSSION

A. <u>AmGuard's Motion for Summary Judgment</u>

Pursuant to Federal Rule of Civil Procedure 56(a), the court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.  The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 24, 251-52 (1986).  Any inference drawn from the facts should be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The party seeking summary judgment bears the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S 317-23 (1986).  Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue of fact.  A "mere scintilla" of evidence is insufficient to overcome the summary judgment motion. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986).

According to AmGuard, Plaintiffs submitted a claim under its AmGuard Policy seeking coverage for damage to the canopy and the gasoline pumps, but not for the underground gasoline inventory.  ECF No. 43 at 3.  After investigating the claim, AmGuard issued payment for the canopy, identifying wind damage as the Covered Cause of Loss. *Id.*  AmGuard, however, denied payment for the gasoline pumps.  ECF No. 43-6 at 2.  According to AmGuard, the remainder of Plaintiffs' claimed damages were caused by flood waters and are specifically excluded under the AmGuard Policy.  ECF No. 43 at 3; ECF No. 43-6 at 2-7.  AmGuard's Businessowner's Coverage Form ("AmGuard Policy") states in part:

> 3. Covered Causes Of Loss
> Risk of direct physical loss unless the loss is:
>     a. Excluded in Paragraph B. Exclusions in Section I; or
>     b. Limited in Paragraph 4. Limitations in Section I.

4. Limitations

. . . .

(5) The interior of any building or structure caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:
    (a) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or
    (b) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

. . . .

ECF No. 43-8 at 2. The AmGuard Policy further states:

B. Exclusions

1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions, apply whether or not the loss event results in widespread damage or affects a substantial area.

. . . .

g. Water
(1) Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge)

. . . .

*Id*. at 14, 16.

1. *Breach of Contract*

In South Carolina, the elements for breach of contract are (1) the existence of a contract; (2) its breach; and (3) damages caused by such breach. *Hotel & Motel BJC Holdings, LLC v. Enterprises, LLC*, 780 S.E.2d 263, 272 (S.C. Ct. App. 2015). Insurance policies are subject to the general rules of contract construction. *M & M Corp. of S.C. v. Auto-Owners Ins. Co.*, 701 S.E.2d 33, 35 (S.C. 2010). The language in an insurance contract must be given its plain, ordinary and

4

popular meaning. *USAA Prop. & Cas. Ins. Co. v. Clegg*, 661 S.E.2d 791, 797 (S.C. 2008). "When a contract is unambiguous, clear, and explicit, it must be construed according to the terms the parties have used." *Id.* (quoting *B.L.G. Enter., Inc. v. First Fin. Ins. Co.,* 514 S.E.2d 327, 330 (S.C. 1999)).

AmGuard contends that, through the close of discovery, Plaintiffs' representatives admitted that the damages they were seeking to recover were caused by flood waters, which is unambiguously excluded under the AmGuard Policy. ECF No. 43 at 9. The court agrees. According to AmGuard, during the claims process Plaintiffs' insurance agent suggested the possibility that the exterior of the gas pumps were first damaged by wind, which then allowed rain water to enter into the gas pumps. *Id.* at 10. However, AmGuard also notes that Mr. Pallav Desai, Plaintiffs' Fed. R. Civ. P. 30(b)(6) witness, refused to adopt that theory. *Id.* Mr. Desai explained, "I do not think rainwater would damage the whole tanks." ECF No. 43-12 at 19. When asked by AmGuard's representatives if he noticed any wind damage to the gas pumps, Mr. Desai answered, "[n]o, I don't think so." *Id.* at 19–20.

2. *Bad Faith Refusal to Pay*

South Carolina state courts have identified four elements that a plaintiff must prove to succeed on a bad faith refusal to pay benefits under an insurance contract cause of action: "(1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured." *Cock-N-Bull Steak House, Inc. v. Generali Ins. Co.*, 466 S.E.2d 727, 730 (S.C. 1996) (quoting *Crossley v. State Farm Mut. Auto. Ins. Co.*, 415 S.E.2d 393, 397 (S.C. 1992)).

AmGuard contends that since there is no coverage under the AmGuard Policy for what Plaintiffs seek, there can be no benefits due under the insurance policy. ECF No. 43 at 10. Therefore, AmGuard contends, its denial of payment was justified. *Id.* The court agrees.

Pursuant to the court's scheduling order, discovery was to be completed on November 17, 2017. ECF No. 39 at ¶ 1. According to AmGuard, "Plaintiffs did not serve any discovery requests, take any depositions, or generate any evidence on the record that contradicts the admissions they made in written discovery and in their depositions." ECF No. 43 at 8. Based on the facts presented by AmGuard, and relying on Plaintiffs' representation that they do not oppose AmGuard's Motion for Summary Judgment, the court finds that there is no genuine issue of material fact as to Plaintiffs' claim for breach of contract and bad faith refusal to pay. AmGuard is entitled to judgment as a matter of law. AmGuard's Motion for Summary Judgment is **GRANTED.**

B. Auto-Owners' Motion to Dismiss Extra Contractual Claims

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). Such a procedure has the "function of disposing of cases on the basis of the underlying substantive merits of the claims and defenses as revealed in the formal pleadings and what is subject to judicial notice." 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, Civil 2d § 1367 (1990). A Rule 12(c) motion should be granted when, accepting the facts set forth in the pleadings, the case can be decided as a matter of law. *Tollison v. B & J Mach. Co., Inc.,* 812 F.Supp. 618, 619 (D.S.C.1993).

Auto-Owners contends that Plaintiffs' extra-contractual claims for bad faith and punitive damages are barred and/or preempted by federal constitutional, statutory, and regulatory law because Auto-Owners is a Write-Your-Own ("WYO") program carrier participating in the

National Flood Insurance Program ("NFIP").³ ECF No. 45-1 at 1. Auto-Owners' 12(c) motion does not take issue with Plaintiffs' breach of contract claim.

Citing to *Woodson v. Allstate Insurance Company,* Auto-Owners alleges that Plaintiffs' state law claim for bad faith failure to pay is preempted by the National Flood Insurance Act. ECF No. 45-1 at 9; *Woodson v. Allstate Ins. Co.,* 855 F.3d 628, 630 (4th Cir. 2017). In that case, the plaintiffs alleged a state law claim under the North Carolina Unfair and Deceptive Trade Practices Act for bad faith handling of their claim after Allstate denied coverage of a major portion of their claim. *Id.* The Fourth Circuit held that federal law exclusively governs claims made on policies issued under the NFIP and to disputes arising out of the handling of those claims. *Id.* The Court went on to state that, "[i]t is not surprising, therefore, that every other circuit to have considered this issues has concluded that state-law claims against write-your-own insurance providers are preempted by federal law." *Id.* at 637.

The court finds that Plaintiffs' state law claim for bad faith refusal to pay is preempted by federal law. Thus, Plaintiffs' sole remaining claim against Auto-Owners is their claim for breach of contract. However, Plaintiffs' breach of contract claim is not sufficient to entitle Plaintiffs to go to the jury on the issue of punitive damages. Therefore, Plaintiffs' request for punitive damages is barred.⁴ *Lister v. NationsBank of Del., N.A.*, 494 S.E.2d 449, 454 (S.C. Ct. App. 1997) ("[M]ere breach of a contract, even if willful or with fraudulent purpose, is not sufficient to entitle a plaintiff to go to the jury on the issue of punitive damages."). Based on the facts presented by Auto-Owners, and relying on Plaintiffs' representation that they do not oppose

---

³ In 1983, the Federal Emergency Management Agency ("FEMA") created the WYO program, which allows private insurance companies to issue Standard Flood Insurance Policies ("SFIP's") under the NFIP. 44 C.F.R. § 62.23 (2017).

⁴ Alternatively, Plaintiffs' state law remedy of a punitive damage award is also preempted by federal law.

Auto-Owners' Motion to Dismiss Extra-Contractual Claims pursuant to Rule 12(c), Auto-Owners' Rule 12(c) Motion is **GRANTED.**

### III. <u>CONCLUSION</u>

AmGuard's Motion for Summary Judgment on all of Plaintiffs' claims is **GRANTED**. Auto-Owners' Rule 12(c) motion for judgment on the pleadings is **GRANTED.** Plaintiffs' extra-contractual claims for bad faith and punitive damages award as to Auto-Owners are dismissed, pursuant to Rule 12(c), with prejudice.

**IT IS SO ORDERED.**

    /s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
Senior United States District Court Judge

June 22, 2018
Columbia, South Carolina