**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**


| | | |
|---|---|---|
| Monticello Road, LLC, | ) | Civil Action Number: 3:17-0730-MBS |
| Monticello Road C Store, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **ORDER AND OPINION** |
| vs. | ) | |
| | ) | |
| Auto-Owners Insurance, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Auto-Owners Insurance's ("Auto-Owners")

Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56.  ECF No. 46.

Auto-Owners is a Write-Your-Own ("WYO") carrier participating in the National Flood Insurance

Program ("NFIP").[1]  The WYO program allows private insurance companies, like Auto-Owners,

to issue Standard Flood Insurance Policies ("SFIP").   Auto-Owners contends that summary

judgment is warranted because Plaintiffs Monticello Road, LLC and Monticello Road C Store,

LLC (collectively, "Plaintiffs") have failed to comply with all of the requirements set forth in

Article VII(J) and VII(R) of their SFIP.  ECF No. 46-1 at 2.   For the reasons stated below, this

court grants Auto-Owners' Motion.

---

[1] In 1983, the Federal Emergency Management Agency ("FEMA") created the WYO program,
which allows private insurance companies to issue Standard Flood Insurance Policies ("SFIP's")
under the NFIP.  44 C.F.R. § 62.23 (2017).

# I.     PROCEDURAL HISTORY AND FACTUAL BACKGROUND[2]

Plaintiffs brought this action against Auto-Owners in the Court of Common Pleas for Richland County, South Carolina, alleging that "Defendant[] [has] refused to pay the balance of [Plaintiffs' insurance] claim." ECF No. 1-1 at ¶ 8. Plaintiffs claim Auto-Owners' failure to pay was in bad faith. *Id.* at ¶ 9. Plaintiffs seek actual and punitive damages. *Id.* Auto-Owners timely removed this action, citing federal question jurisdiction pursuant to 28 U.S.C. § 1331 or 42 U.S.C. § 4072. ECF No. 1 at 2. Plaintiffs moved the court for remand, which was denied. ECF No. 28.

On December 1, 2017, Auto-Owners filed a Rule 12(c) motion. ECF No. 45. On June 25, 2018, this court granted Auto-Owners' motion, dismissing Plaintiffs' bad faith failure to pay claim and punitive damages claim. ECF No.71. Plaintiffs' sole remaining claim against Auto-Owners is for breach of contract of the SFIP.

Plaintiffs operate a gas station and convenience store in Columbia, South Carolina. Plaintiffs allege that in or about 2016[3] there was a severe storm in Columbia, South Carolina that caused damage to various gas pumps, gas equipment, inventory, and a canopy. ECF No. 1-1 at ¶ 4-5. According to Auto-Owners, on October 12, 2015, an NFIP authorized flood adjuster inspected the loss to Plaintiffs' property and recommended a total payment of $87,151.86, covering both the damage to Plaintiffs' building and damages to contents. ECF No. 46-1 at 6, ¶ 10. The adjuster prepared a Proof of Loss form in the amount of $87,151.86, which Plaintiffs

---

[2] Plaintiffs did not provide a statement of the facts in their response in opposition to Defendant's Motion, nor did Plaintiffs raise any objections to the facts presented by Auto-Owners. *See generally* ECF No. 56.

[3] Plaintiffs' Proof of Loss form, ECF No. 46-2 at 14, along with all other records of Auto-Owners, indicates that the date of the flood was October 4, 2015.

signed on November 23, 2015. *Id.* On December 8, 2015, Auto-Owners issued payment totaling $87,151.86[4] pursuant to the terms of Plaintiffs' SFIP. *Id.* at 7, ¶ 12.

After receiving payment based on the first Proof of Loss filed, Plaintiffs made an additional request for payment for contents items.[5] A second inspection was conducted by the same authorized adjuster, and, after further inspection he recommended a total payment of $17,022.05. *Id.* at 7, ¶¶ 13–14. A second Proof of Loss was prepared and signed by Plaintiffs on February 22, 2016. *Id.* at 7, ¶ 14. However, under Article VII(J)(4) of Plaintiffs' SFIP, Proof of Loss forms are required to be filed within 60 days of the date of loss, which in this case was October 4, 2015. Auto-Owners explains that Plaintiffs submitted their second Proof of Loss past the 60-day deadline and that, the only way the 60-day mandate could be waived was if the Federal Insurance Administration ("FIA") provided written authorization. *Id.* at 7, ¶ 15.

On March 25, 2016, a representative of Auto-Owners requested a waiver from the FIA to make the $17,022.05 payment, and on March 28, 2016, the waiver was granted. *Id.* at 7, ¶ 16. The waiver specified that it was only for "the amount of the loss and the scope of the damages outlined in the request and otherwise does not waive the proof of loss or any other requirement of the Standard Flood Insurance Policy . . . ." ECF No. 46-2 at 22–23. After receiving approval of the waiver from the FIA, Auto-Owners made a payment to Plaintiffs on March 30, 2016, totaling $17,022.05. ECF No. 46-1 at 8, ¶ 17. Auto-Owners asserts that since it issued the second payment to Plaintiffs, Plaintiffs have not filed another Proof of Loss form, nor has a waiver been requested

---

[4] Auto-Owners issued two checks, one in the amount of $79,190.58 for the building coverage, and the other in the amount of $7,961.28 for the contents. Both checks were issued on December 8, 2015. ECF No. 46-2 at 14, 17.

[5] The waiver indicated that Plaintiffs' initial "contents" payment, evidenced in the Proof of Loss form, was for equipment; this second "contents" payment, evidenced in the second Proof of Loss, was for stock inventory. ECF No. 46-2 at 22.

or authorized, for the items subject to this lawsuit, including the gas pumps and canopy. *Id.* at 9, ¶ 18.

## II.   LEGAL STANDARD

Pursuant to Federal Rules of Civil Procedure Rule 56(a), the court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and is entitled to judgment as a matter of law.  The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).  Any inference drawn from the facts should be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The party seeking summary judgment bears the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S 317, 323 (1986).  Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue of fact.  A "mere scintilla" of evidence is insufficient to overcome the summary judgment motion. *Anderson*, 477 U.S. at 252.

## III.   DISCUSSION

The terms and conditions of a SFIP are specified by regulation.  The SFIP informs the insured that "[t]his policy and all disputes arising under the policy are governed exclusively by the flood regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §§4001, *et seq.*) and Federal common law."  44 C.F.R. pt. 61, app. A(2), art. IX; *Woodson v. Allstate Ins. Co.*, 855 F.3d 628, 631 (4th Cir. 2017).  Under the terms of the SFIP, when an insured has suffered loss, the insured is expressly required to, among other things, "send the WYO carrier a proof of loss waiver within 60 days of the loss."  44 C.F.R. pt. 61, app. A(2), art. VII(J)(4).  Absent express written consent from the FIA, the SFIP cannot be changed, nor can any provision

waived. 44 C.F.R. pt. 61, app. A(2), art. VII(D); *Dawkins v. Witt*, 318 F.3d 606, 612 (4th Cir. 2003) (explaining that, despite stressful circumstance, and absent waiver, proof of loss must be filed with 60 days to receive coverage pursuant to the requirements of the insurance policy).

The SFIP further provides that a party may not sue the insurer to recover money under the SFIP unless the party has complied with all the requirements of the policy. 44 C.F.R. pt. 61, app. A(2), art. VII(R). Should a party file suit, it must be within one year of the date of the written denial of all or part of the claim and the party must file in the United States District Court of the district in which the insured property was located at the time of loss. *Id.*; *see also* 42 U.S.C. § 4072; 44 C.F.R. § 62.22. This requirement applies to any claim a party may have under the policy and to any dispute a party may have arising out of the handling of a claim under the policy. 44 C.F.R. pt. 61, app. A(2), art. VII(R). Thus, a party may not sue to recover money under the SFIP without first complying with all the requirements of the SFIP. *Woodson, 855 F.3d* at 634 (explaining that, "[t]he aggregate of these provisions thus establishes . . . that the action may be filed *only* in a U.S. District Court."); *Marseilles Homeowners Condo. Ass'n Inc. v. Fid. Nat. Ins. Co.,* 542 F.3d 1053, 1055 (5th Cir. 2008) ("[Plaintiff] failed to submit a sworn proof of loss, which is a condition precedent to bringing the instant litigation.").

Auto-Owners states Plaintiffs have not filed a Proof of Loss form for the additional amounts sought under this lawsuit, and that this failure to comply with the requirements of the SFIP bars Plaintiffs from not only requesting additional payment, but also from filing a lawsuit seeking further federal benefits under the SFIP.[6] The court agrees. Plaintiffs have not provided the court with specific facts to show that a genuine issue of material fact exists to defeat Auto-

---

[6] Auto-Owners also contends that Plaintiffs' failure to file this lawsuit originally in the District Court bars Plaintiffs from filing a lawsuit seeking further federal benefits under the SFIP. ECF No. 46-1 at 19.

Owners' summary judgment motion. Plaintiffs concede in their response in opposition that a Proof of Loss form was not submitted for the items subject to this lawsuit. *See* ECF No. 56 ("Plaintiff admits that a sworn proof of loss was submitted without including the gasoline pumps and canopy which are subject to the lawsuit."). While Plaintiffs suggest that "proof of loss and replacement cost [of the gasoline pumps and canopy] [were] submitted by the Plaintiff[s] to the independent adjuster and to the insurance claim handler" and therefore should have been included in the proof of loss, Plaintiffs provide no factual support for their statement. *Id.* at 1. In fact, Plaintiffs' response in opposition is completely void of any citation, both to the record and the law, to support their conclusion that a genuine issue of material fact exists as to "how this claim was handled and paid out." *See generally* EFC No. 56.

The court finds that Plaintiffs failed to submit Proof of Loss for the items subject to this lawsuit within 60 days, and, lacking a waiver from the FIA, have failed to meet the pre-suit requirements under their SFIP. As a result of their failure to meet the requirements of the SFIP, Plaintiffs are prohibited from seeking additional payments. *See Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998) ("[W]e hold that an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim."). Thus, there is no genuine issue of material fact as to Plaintiffs' claim for breach of contract of the SFIP.

## IV.     CONCLUSION

Finding no genuine issues of material fact, Auto-Owners' Motion for Summary Judgment is **GRANTED**.  Auto-Owners also filed a Motion to Quash Plaintiffs' Jury Demand.  ECF No. 44. Based on the court's decision to grant summary judgment, Auto-Owners' Motion to Quash Plaintiffs' Jury Demand is now **MOOT**.

**IT IS SO ORDERED.**


 /s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
Senior United States District Judge


July 16, 2018
Columbia, South Carolina